ANN WALLING ET AL. v. J. C. WHEELER ET AL.

1. The statute of limitations runs from the date when the plaintiff could sue.
2. In a suit upon a contract limited as to the time of its existence, limitation runs from such limit so fixed in the contract.
3. To create a trust in land by any instrument of writing, it is necessary that *some* title pass by such writing to the person against whom it is sought to attach the relation of trustee.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

This was a suit filed January 25, 1870, by James C. Wheeler, administrator of John McLanahan, against Ann Walling, A. J. Walling and C. M. Wilson, executors of Jesse Walling, for an account of funds in hands of their testator, the proceeds of sale of the Jean Baptiste Gay league of land ; and for the proceeds, less one-fifth thereof.

The cause of action is a contract as follows :

" REPUBLIC OF TEXAS, }
" *County of Houston.* }

"An article of agreement made and entered into this the seventeenth of March, one thousand eight hundred and forty-five, by and between J. M. Irish and John McLan· ahan, of the first part, and Jesse Walling, witnesseth that the said party of the first part hath this day conveyed to said Jesse Walling, by way of deed and certificates of sale, the following described tracts of land, to-wit :

"One league and labor of land, the headright of Jean Baptiste Gay; also, four hundred acres of land, it being the southwest corner of William Crafford headright; the description of said land will more fully appear by reference to said deed and certificate.

"For and in consideration of the above decribed prem· ises, I, the aforesaid Jesse Walling, am to take all the papers respecting said lands and perfect a title to same at my own proper expense ; also, to put all or any part of the above described. land into market as soon as it can be conveniently done, to the advantage of said parties ; and further, it is agreed upon that when the said Walling has sold all or any part of said land, and collected money for the land thus sold, said Walling is to pay over all the money thus received to John McLana-

31

han or bearer, or their legal representatives, except the fifth part, which the said Walling is to have for his trouble and expenses in and about the same. Also, all moneys that may be received for rents are to be paid over in the same manner as moneys for the sale of land.

"Said Walling is at liberty to divide said lands as he may think best to the interest of said parties. Furthermore, if no sales should be made within three years from this date, then in that event or case said Walling is to refund back to the said John McLanahan or bearer, or his legal representatives, the aforesaid lands, or so much as may be unsold.

"I, Jesse Walling, do bind myself, my heirs, executors, for the faithful performance of the conditions of this obligation, or subject myself to the land as in debt or damages, all of which I do agree to before signing this instrument, acknowledging the same to be good in law and equity.

"Done in the presence of the undersigned witnesses, day and year aforesaid.

"JESSE WALLING. [Seal]

"THOMAS J. ROBERTS,
"ANDREW MALOY."

It was alleged that in 1856, 1857 and 1858, Jesse Walling had sold a large part of the league, and had received money, etc.

By amendment it was alleged that on the twenty-fourth of June, 1856, Jesse Walling obtained a conveyance of the Jean Baptiste Gay league, from Wm. Newell, assignee, and that the land was patented to Newell, assignee, on the fifth of August, 1856.

It was also charged that, upon the purchase from Newell, by the stipulation of the deed, testator held the land certificate subordinate to certain trusts very clearly de-

fined by its terms. * * That the act of the testator in procuring title of the land was perfectly consistent with the trusts created by the deed or contract.

It was charged that the trust remained, and that plaintiff was entitled to account, and to four-fifths of the money made by sale, etc.

The defendants interposed the statute of limitations by exceptions and special demurrer; also answered by plea of limitations and general denial.

The demurrer of the defendants was overruled; judgment for the plaintiffs.

The defendants appealed. The principal error assigned is the action of the court overruling the exceptions to the petition.

*James H. Jones*, for appellants.

*W. W. Morris*, for appellees.—Is the action barred by the terms of the contract between Walling and Irish and McLanahan? Hunter v. Hubbard, 26 Texas, 547, it is thought, decides this question in favor of the appellees.

The contract creates a "direct and express trust by the act of the parties," and applies to all who fill fiduciary relations, etc. To this class of trusts it has universally been held that the statute, as a general rule, has no application.

The statute does not begin to run in favor of the trustee so long as the trust continues, and is acknowledged to be a continuing trust, for the reason that the possession of the trustee is that of the *cestui que trust*. (Hunter v. Hubbard, 26 Texas, 547.) In the case at bar, the deed was executed by Walling on the 17th of March, 1845, in which he agreed to perfect title to and sell the land therein named. He did so by a conveyance to himself from Newell, on the fourteenth of June, 1856. Walling sold none of the land until this was done.

On the thirtieth of October, 1856, was the first sale of the trust land; and sales of parts of the league were made at different times to the eighteenth of February, 1869, when Walling sold the last of the league, being but a short time before his death.

Here are unequivocal acts of Walling, the trustee from 1856 to 1859, perfectly consistent with the terms of the agreement creating the trust, with no proof of any act setting up any claim or right in opposition thereto.

It is true that Walling took the title in his own name, but this does not contradict the trust contract. And if it did, it would not avail him.

Bargains by an agent must inure to the benefit of his principal, if profitable. Agents cannot act to bind their principals where they have an adverse interest in themselves. (Story on Agency, Sec. 210.)

But the contract gave him a right to perfect the title as he did. In fact the agreement conveyed the land to Walling.

The clause in the agreement, "if no sales be made in three years from the date of the deed, Walling is to refund to McLanahan, or his legal representatives, or bearer, the lands, or so much as may be unsold, or subject himself to suit," cannot avail.

This was in 1845; no land was sold until 1856, because the title was not perfected.

The fact that Walling then commenced selling and continued to sell under the trust deed up to 1869, when the last of the league was sold, closes his mouth against any protection on that ground from the statute of limitations. He surely cannot take any benefit from a matter which he has waived.

WALKER, J.—Jesse Walling entered into a contract with J. M. Irish and John McLanahan, dated on the sev-

enteenth of March, 1845. The contract itself releases whatever title Irish and McLanahan had to Walling, of the headright certificate of Jean Baptiste Gay to a league and labor of land.

By the terms of the contract, Walling agrees to procure a title to the certificate, or the land appropriated by it, "out of his own proper means," and then he is authorized to sell the land in whole or in part, and retain for his commission one-fifth of the proceeds of sales, and the other four-fifths he is to pay over to John McLanahan or bearer.

This contract was to expire three years from date. Walling bound himself at the expiration of three years to reconvey all the land which remained unsold, and in default of performing his covenants, he agrees to subject himself to an action of debt or damages.

This suit was originally brought by the appellee against the appellants as executors of the will of Walling.

The petition counts upon the contract of March 17, 1845, and sets up no other contract or agreement, written or verbal. It does not appear that at the expiration of three years from the date of the contract, Walling had obtained any title to the headright certificate of Gay, or of any land appropriated by it. If he had, and had not complied with the covenants of his contract, a right of action by the express terms of the contract accrued against him.

The contract expired on the seventeenth of March, 1848; this action was not commenced until the twenty-fifth of January, 1870, after a lapse of twenty-two years.

We think it can hardly be contended that this action was not barred by limitation. Under the repeated decisions of this court the claim would be pronounced stale.

But it is claimed that an executory trust was created in Walling by the contract of March 17, 1845, and that lim-

itation cannot run against an executory or continuing trust. There might be some foundation for this argument if it were proven by the record that Irish and McLanahan conveyed any interest in the land to Walling by their contract. But this does not appear; on the contrary, it does appear, by deed dated August 18, 1856, that Jesse Walling purchased from William Newell the headright certificate of Jean Baptiste Gay for a league and labor of land. This deed does appear to remove all doubts about this case, and we are unable to see by what right Irish and McLanahan, or those claiming under them, can expect to recover in this action.

It is scarcely necessary to notice more than the first error assigned. The court certainly erred in overruling the general and special demurrers and special exceptions to the plaintiff's petition.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.

A rehearing was granted.

McADOO, J., *on rehearing.*—A thorough examination of this case on rehearing has fully satisfied our minds of the correctness of the view of the case announced by Justice Walker in his opinion heretofore rendered.

The written contract between Walling and the intestate of the appellee was a simple personal contract between the parties, by the terms of which Walling expressly bound himself to perform the services undertaken within three years from the date of the contract. It was expressly provided that if the terms of the contract had not been fully complied with within the time prescribed, then and thereupon a right of action accrued in the nature of a suit for damages.

In no sense can the instrument sued on be construed as creating an express and continuing trust.

Suit was not brought upon the contract within four years from the accrual af the right of action; on the contrary, some twenty years elapsed before suit was instituted.

The claim had long since been barred by the statute of limitations, if indeed it had not become a stale demand.

For these reasons we adhere to the former opinion and judgment.