GARCÍA *v.* GARCÍA ET AL.

APPEAL from the District Court of San Juan, Section 2.

No. 844.—Decided December 5, 1912.

PLEADING—DEMURRER—FACTS INSUFFICIENT TO CONSTITUTE CAUSE OF ACTION—APPEAL—PLEA RAISED BY INITIATIVE OF COURT.—A demurrer on the ground

that the complaint does not allege facts sufficient to constitute a cause of action may be pleaded for the first time on appeal to this court and may be passed upon by the trial court and the appellate court on their own initiative even though it has not been pleaded by the parties. *Ramírez* v. *Schroder et al.,* 16 P. R. R., 589.

Natural Children—Acknowledgment of Natural Child—Action for Acknowledgment—Law Which Governs.—The acknowledgment of the minor plaintiff in this case having been made on October 29, 1906, when the Revised Civil Code was already in force, this action is governed by the provisions of said code and not by those of the Spanish Civil Code in force prior to 1902, or the action should be founded upon a right the existence of which is independent of our statutory laws.

Id.—Objection to Acknowledgment—Statutory Right—Natural Right.—The right of the plaintiff herein to oppose his acknowledgment as a natural child is not founded upon our statutory laws, but is a natural right independent thereof.

Id.—Acknowledgment of Natural Child—Objection to Acknowledgment—Remedy for False Acknowledgment.—In the case at bar it is clear that the acknowledgment of the plaintiff as a natural child by a person who is not his real father is damaging to him, and as there is no wrong without a remedy the plaintiff may bring such action as may be proper for the purpose of opposing such acknowledgment.

Id.—Objection to Acknowledgment—Action to Oppose Acknowledgment—Construction of Law.—The fact that article 133 of the Spanish Civil Code has been repealed and that section 193 of the Revised Civil Code of 1902 and Act No. 73 of March 9, 1905, have been enacted without including the provisions of said article 133 of the Spanish Civil Code which expressly limited the right of a minor to oppose his acknowledgment to the four years following his majority does not imply that a minor can not bring an action to attack his acknowledgment made while the Revised Civil Code was in force.

Id.—Construction of Law—Acknowledgment of Natural Child—Action to Oppose Acknowledgment—Prescription.—The fact that when the Legislative Assembly of Porto Rico by the enactment of Act No. 73 of March 9, 1905, reenacted the provisions of article 133 of the Spanish Civil Code in force in Porto Rico prior to 1902 it failed to include the last paragraph of said article 133 by virtue of which a minor may contest his acknowledgment within the four years following his majority, does not imply that it was the intention of the Legislative Assembly to deprive the minor of the right to contest his acknowledgment by a person who is not his father. The only significance which may be given to such an omission is that the Legislative Assembly desired that the prescription of an action to contest acknowledgment shall be governed by the general provisions of the statutes of limitation.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for appellant.

*Messrs. Juan de Guzmán Benítez* and *Manuel Paz Urdaz* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

This action was instituted for the purpose of setting aside and canceling a note placed on the margin of entry No. 312 in Volume V of the Regïster of Births of the District of San Francisco in the city of San Juan, in which the birth of the child, Gregorio Antonio García, is entered. Judgment was taken by default, after duly summoning the defendants and noting their failure to appear. The evidence of several witnesses was heard, and, after the proof was taken, the district court of its own motion decided that the complaint did not state facts sufficient to constitute a cause of action, and for that reason dismissed the same and rendered judgment against the plaintiff. The suit was brought by Juan García Figueroa, on behalf of Gregorio Antonio García, the former having been appointed by the court as guardian *ad litem* for the latter, who was a minor about the age of 12 years. As a basis for the relief sought in this case, four facts are stated, substantially as follows:

"(1) That in the course of illicit relations sustained by Encarnación García Figueroa, unmarried, with an unmarried man (who is not named in the complaint), and while living in concubinage, the child Gregorio Antonio was born on the 1st day of February, 1899, and entry of such birth made by the defendant, Encarnación García Figueroa, in the Civil Registry of the District of San Francisco of this city on the 11th day of March next following, on page 312 of Volume V.

"(2) That the child, Gregorio Antonio García, was about one year of age when the defendants met and began their illicit intercourse.

"(3) That the defendant, Manuel Tizol, on the 29th day of October, 1906, appeared before a notary and, in writing, magnanimously acknowledged the child Gregorio Antonio García as his son, although he knew that such was not the case; that two days later, the same defendant appeared in the civil registry of this city, and in the margin of the entry of birth inserted a notation of acknowledgment, conformity with which was entered by the other defendant through a witness who signed in her name, all being fully aware that

Manuel Tizol was not the father of the aforesaid child.   That the said acknowledgment has not been judicially approved.

"(4) That the guardian who brings this action has many reasons to justify his assertion that another man, and not the defendant Manuel Tizol, is the father of the minor Gregorio Antonio and that Encarnación García was simply actuated by motives of affection when she consented to the acknowledgment of the other defendant that the minor was his son, which, as a matter of fact, he is not."

The judgment of the court, dismissing the complaint for not stating facts sufficient to constitute a cause of action, is supported by a lengthy opinion, and is to the effect that the trial court, having carefully examined the complaint presented in this case, for the reasons set forth in the opinion, which precedes the judgment and is made a part of the same, renders judgment declaring the complaint without merit and condemns the plaintiff to pay the costs.   This judgment was rendered on the 6th day of February last, and an appeal was duly taken therefrom, the transcript being filed in this court on the 9th day of April.

The legal question involved in this case is simply to determine whether or not the complaint contains facts sufficient to constitute a cause of action.

In view of the legal proposition contained in article 109 of the Code of Civil Procedure now in force, the right of the trial court to pass upon this matter, even though defendants failed to take exception to the complaint, must be conceded.

It is urged against this action of the trial judge that the district court could not consider defects in the complaint, such as that the facts alleged therein are not sufficient to constitute a cause of action, unless the objection was made by the defendant; and that a complaint must be considered sufficient unless it is properly excepted to in the written pleadings.

Such is not the current of decisions in this court.   We have decided that such an objection as this may be taken

at any time, in either the trial court or in the appellate
court, and that it is not necessary to raise the point by writ-
ten exceptions contained in the pleadings.  An exception to
a complaint on the ground that it does not state facts suffi-
cient to constitute a cause of action may be made for the
first time in the Supreme Court, since it goes to the jurisdic-
tion of the case.  (*Ramírez* v. *Schroeder,* 16 P. R. R., 589.)
This principle is sustained by the Court of Appeals of the
District of Columbia, in an opinion by Mr. Chief Justice
Alvey, in the case of *Mansfield* v. *Winter,* in which he says
that the general rule that questions arising in the litigation
must be presented in the trial court does not apply to a case
where the declaration or complaint states a cause not within
the jurisdiction of the court, or which wholly fails to show
any legal cause of action upon which a valid judgment can
be rendered, but that in such a case the question of suffi-
ciency is presented by the declaration itself and the trial
court must be assumed to have taken notice of the case as
therein stated, when called upon to render judgment.  The
cases of *McAllister* v. *Kuhn,* 96 U. S., 87; *Cragin* v. *Lovell,*
109 U. S., 194; *Moline Plow Co.* v. *Webb,* 141 U. S., 616, and
other cases are cited in support of the proposition.  (*Mans-
field* v. *Winter,* 10 App. D. C., 556.)  So there is no doubt
that the trial court had the right, and it was its duty to con-
sider the matter of the sufficiency of the facts alleged in the
complaint to constitute a cause of action.

Then the question presents itself, What cause of action
did the plaintiff have?  In other words, What law authorizes
a natural, recognized child to bring an action of this kind?

The trial judge reviews the Spanish Civil Code, article
133, and our Civil Code taken therefrom, section 193, to-
gether with the act of March 9, 1911, amendatory thereof,
and argues that because the Spanish Civil Code, on the one
hand, grants the minor the right to contest the acknowledg-
ment of his paternity within four years after his majority;
and on the other hand, the Revised Civil Code suppressed

entirely the provision relating thereto, and finally the law of our Legislative Assembly reenacted the substance of the Spanish Civil Code, but suppressed that part relative to the right of the minor child to make a claim in regard to the acknowledgment upon attaining his majority, that the right to bring a suit like the present does not exist.

The trial judge frankly says:

"It is impossible to conceal the vital consequences that such an interpretation carries in its train in connection with family rights hereafter, but such is the written law, and whatever the hardships it may impose, we find no way of modifying either its letter or spirit."

In a former existing law in Porto Rico, prior to 1902, it is true that the right was expressly recognized in a minor child to contest the acknowledgment of his paternity upon reaching man's estate; and in a subsequent law treating of the same matter mention of such right was omitted, then from these circumstances can we infer that it was the intention of the legislature to suppress the existing right, considering the further fact that such suppression has been continued in the subsequent amendments that the said law has undergone at the hands of our legislature?

The acknowledgment of the child's paternity was made on October 29, 1906—*i. e.,* when the Revised Civil Code was already in force and effect—and we are not treating of any right existing under the old Spanish Code, if there were any such right, it is clear then that the plaintiff, being acknowledged while the code of 1902 was in effect, must be governed by the provisions of such code or assert his rights as existing independently of the statute.

The reasoning of the trial judge has an aspect of fairness which entitles it to respectful consideration before taking a contrary view of this case. But we do not believe that the court below has made a proper construction of the law applicable to this case. The right of the plaintiff to bring this suit did not depend upon the statutes quoted, but existed

independently of them. It is clear from the allegations of the plaintiff that a wrong had been committed upon the minor, and where there is a wrong there is always a remedy, and the minor in this case, by guardian named for the purpose, sought the remedy in the proper court and at the appropriate time. (38 Cyc., 423, note 21, and cases there cited.)

The statute quoted by the district court as having formerly existed under the Spanish régime, allowed a minor, in such cases, four years after he became of age to bring such a suit. When the Civil Code of Spain was adopted by the Insular Legislature this section thereof was omitted, and it was afterwards reenacted, leaving out the latter clause, which the district court construed to mean that it was intended to deprive minors in such cases of the right to rectify errors, or to have wrongs remedied such as that set forth in the case at bar. We do not so regard the effect of the legislation which took place in regard to this matter. The only effect which the reenactment of the law without the latter clause had, was to put no other limit to the action than that established by the statutes of prescription. This is a fair and proper construction of the statutes as they stand on the books.

Such being our interpretation of the law, we must reverse the judgment rendered by the court below on the 6th day of February last and remand the cause for a new trial, to be proceeded with in accordance with this opinion.

*Reversed and remanded for a new trial.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.