GARCÍA *v.* GARCÍA ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 844.—Resuelto en diciembre 5, 1912.

EXCEPCIONES PREVIAS—HECHOS INSUFICIENTES PARA DETERMINAR UNA CAUSA DE ACCIÓN—TÉRMINO PARA ALEGAR DICHA EXCEPCIÓN PREVIA.—La excepción

previa de que una demanda no aduce hechos suficientes para determinar una causa de acción, es una alegación que puede hacerse por primera vez ante el Tribunal Supremo en apelación, y de la cual puede conocer tanto el tribunal sentenciador como el de apelación, de su propia iniciativa, aun cuando no haya sido alegada por las partes. (*Ramírez* v. *Schroeder et al.*, 16 D. P. R., 620.)

Reconocimiento de un Hijo Natural—Derecho del Hijo a Impugnar el Reconocimiento—Ley Aplicable al Caso.—Habiendo sido reconocido el menor demandante en el caso de autos el día 29 de octubre de 1906, cuando ya regía el Código Civil revisado, el ejercicio de la presente acción debe regirse por los preceptos de dicho código y no por los preceptos del Código Civil Español vigente antes de 1902, o esta acción debe fundarse en un derecho existente independientemente de nuestras leyes estatutorias.

Id.—Impugnación del Reconocimiento de un Hijo Hecho por una Persona que no es su Padre.—El derecho del demandante en este caso para impugnar el reconocimiento de él como hijo natural se funda no en nuestras leyes estatutorias, sino que existe independiente de ellas como un derecho natural.

Id.—No Hay Daño sin Remedio.—Es claro en el caso de autos que el reconocimiento del demandante como hijo natural por una persona que no es su verdadero padre, constituye un daño para él, y como no existe daño sin remedio, puede el demandante ejercitar la acción correspondiente para impugnar dicho reconocimiento.

Id.—Interpretación de Ley—Derogación del Artículo 133 del Código Civil Español.—El hecho de haber sido derogado el artículo 133 del Código Civil Español y de haber sido promulgado el artículo 193 del Código Civil revisado de 1902 y la ley No. 73 de marzo 9, 1905, sin reproducir los preceptos del artículo 133 del Código Civil Español limitando expresamente el derecho a un menor de edad para impugnar el reconocimiento a los cuatro años siguientes a su mayor edad, no implica el que un menor no pueda ejercitar una acción para impugnar su reconocimiento hecho durante la vigencia del Código Civil revisado.

Id.—Interpretación de Ley—Impugnación del Reconocimiento de un Hijo Natural.—El hecho de que al restablecer la Asamblea Legislativa de Puerto Rico por ley No. 73 de marzo 9, 1905, los preceptos del artículo 133 del Código Civil Español vigente en Puerto Rico antes de 1902, no haya reproducido el último párrafo de dicho artículo 133 en virtud del cual el menor podía impugnar el reconocimiento dentro de cuatro años después de su mayor edad, no implica el que la Asamblea Legislativa tuviera la intención de privar a un menor del derecho de impugnar el reconocimiento hecho por una persona que no es su verdadero padre, sino que la única significación que se le puede dar a esa omisión es que la Asamblea Legislativa ha querido que la prescripción de esta acción de impugnación de reconocimiento se rija por los preceptos generales de la prescripción.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Ramón Falcón y Emidgio S. Ginorio.*

La parte apelada no compareció.

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Esta acción fué entablada con el fin de que se dejara sin efecto y cancelara la nota puesta al margen del asiento No. 312, Tomo V del Registro de Nacimientos del Distrito de San Francisco de la ciudad de San Juan, en que consta inscrito el nacimiento del niño Gregorio Antonio García. Después de haber sido emplazados debidamente los demandados, y no habiendo contestado la demanda dichos demandados, se anotó la rebeldía de los mismos. Se procedió a la práctica de las declaraciones de varios testigos, y después de introducida la prueba, la corte de distrito a moción propia resolvió que la demanda no aducía hechos suficientes para constituir una causa de acción, por cuya razón desestimó dicha corte la demanda dictando sentencia en contra del demandante. El pleito fué entablado por Juan García Figueroa, como defensor de Gregorio Antonio García habiendo sido el primero nombrado por la corte como defensor del segundo, que era un menor de unos doce años de edad. Cuatro hechos se alegan y que sirven de base a esta acción, los cuales son substancialmente como siguen:

"(1) Llevando relaciones íntimas la demandada, que es soltera, Encarnación García Figueroa con cierto hombre, también soltero, y que no es preciso designar ahora por su nombre, y viviendo ambos en concubinato durante algún tiempo, nació el niño Gregorio Antonio el día primero de febrero de 1899 que la demandada Encarnación Figueroa inscribió como su hijo natural en el Registro Civil del Distrito de San Francisco de esta ciudad el 11 de marzo siguiente, al folio 312 del tomo quinto.

"(2) Tendría como un año el niño Gregorio Antonio García cuando los demandados se conocieron y emprendieron relaciones amorosas.

"(3) El demandado Manuel Tizol, generosamente, el día 29 de octubre de 1906, acudió ante notario y, por medio de un acta, reconoció por su hijo, sabiendo que no lo era, al niño Gregorio Antonio García; y dos días después compareció el propio demandado ante el encargado del registro civil de ésta ciudad y al margen del asiento de inscripción suscribió nota de reconocimiento, a cuyo acto

prestó su conformidad, firmando por ella un testigo, la otra demandada, sabiendo todos perfectamente que Manuel Tizol no es el padre
del mencionado niño. Ese reconocimiento no ha sido aprobado
judicialmente.

"(4) El defensor que comparece a ejercitar esta acción tiene
sobrados motivos para asegurar que otro, y no el demandado Manuel
Tizol, es el padre del menor Gregorio Antonio y que sólo por cariño
es que Encarnación García se prestó a que el otro demandado reconociese por su hijo a dicho menor cuando realmente no lo es."

La sentencia de la corte desestimando la demanda por no
aducir hechos suficientes para determinar una causa de acción, está sostenida por una extensa opinión, la que se expresa en el sentido de que habiendo la corte sentenciadora
examinado cuidadosamente la demanda presentada en este
caso y por las razones consignadas en la opinión que precede a la sentencia y que se hace parte de la misma, dicta sentencia declarando sin lugar la demanda, con las costas al
demandante. Esta sentencia fué dictada en seis de febrero
último contra la que se interpuso la debida apelación, elevándose los autos a este tribunal el día nueve de abril.

"La cuestion legal comprendida en este caso es simplemente
determinar si la demanda aduce o nó hechos suficientes para constituir una causa de acción.

"Teniendo en cuenta el precepto legal contenido en el artículo
109 del Código de Enjuiciamiento Civil vigente, la facultad de la
corte sentenciadora para considerar este punto, aun cuando la demanda no haya sido debidamente excepcionada por los demandados, es
indudable."

Contra esta acción asumida por el juez de la corte inferior se alega que la corte de distrito no podía tomar en consideración los defectos contenidos en la demanda, como el de
que los hechos alegados en dicha demanda no son suficientes
para constituir una causa de acción a menos que la objeción
fuera formulada por la demandada; y que debe considerarse
suficiente una demanda a no ser que sea debidamente excepcionada en los alegatos escritos.

Eso no es lo que ha sido resuelto uniformemente por

las sentencias de este tribunal. Hemos resuelto que una objeción como esta puede presentarse en cualquier momento tanto en la corte inferior como en la de apelación, sin que sea necesario que se promueva la cuestión por medio de excepciones escritas contenidas en las alegaciones. Una excepción formulada a la demanda por el fundamento de que no especifica hechos suficientes para constituir una causa de acción puede presentarse por primera vez en la Corte Suprema, puesto que se dirige a la jurisdicción del caso. (*Ramírez* v. *Schroeder,* 16 D. P. R., 620.) Este principio ha sido mantenido por la corte de apelaciones del Distrito de Columbia en una opinión emitida por el Juez Presidente Sr. Alvey en el caso de *Mansfield* v. *Winter,* en el que expresa dicho juez, que la regla general de que las cuestiones que surjan en el litigio deben presentarse a la corte sentenciadora, no es de aplicación a un caso en que la demanda o relación de hechos expresa una causa que no está dentro de la jurisdicción de la corte, o en cuya demanda se deja de expresar en absoluto una causa de acción con arreglo a la ley sobre la que pueda dictarse una sentencia válida, sino que en tal caso la cuestión de la suficiencia se presenta en la misma demanda y debe presumirse que la corte sentenciadora tomó en consideración el caso según se expresaba en dicha demanda, cuando llegó el momento de dictar sentencia. Los casos de *McAllister* v. *Kuhn,* 96 U. S., 87; *Cragin* v. *Lovell,* 109 U. S., 194; *Moline Plow Co.* v. *Webb,* 141 U. S., 616, y otros casos se citan en apoyo de la proposición. (*Mansfield* v. *Winter,* 10 App. D. C., 556.) Por tanto, no hay duda alguna de que la corte sentenciadora tenía derecho y era su deber de considerar la cuestión de la suficiencia de los hechos alegados en la demanda para constituir una causa de acción.

Por tanto, la cuestión que por sí se presenta es, ¿qué causa de acción tenían los demandantes? En otras palabras ¿cuál es la ley que autoriza a un hijo natural reconocido a establecer una acción de esta naturaleza?

Pasa entonces el juez sentenciador a examinar el artículo

133 del Código Civil Español, la sección 193 de nuestro Có-
digo Civil que ha sido tomada del Código Español, en unión
de la ley de 9 de marzo de 1911, que enmienda dicha sección
y sostiene que puesto que por una parte el Código Civil Es-
pañol concede al menor el derecho a impugnar su reconoci-
miento dentro de los cuatro años después de llegar a su ma-
yor edad, y por otra parte habiendo suprimido enteramente
el Código Civil Revisado la disposición relativa a este dere-
cho, y finalmente por haber restablecido la ley de nuestra
Asamblea Legislativa la parte esencial del Código Civil Es-
pañol y suprimido aquella parte que se refería al derecho
que tenía el menor para establecer una acción para su reco-
nocimiento al llegar a su mayor edad, que no existe el dere-
cho para establecer una acción como la presente.

El juez sentenciador se expresa francamente como sigue:

"No se nos ocultan las tremendas consecuencias que semejante
interpretación trae consigo en el orden del derecho de familia y en
el sucesorio, pero esa es la ley escrita y por dura que sea, no encon-
tramos medios para variar su letra ni su espíritu."

Es verdad que en una ley que regía en Puerto Rico con
anterioridad al año 1902 el derecho era expresamente recono-
cido al menor para impugnar el reconocimiento de su pater-
nidad y en una ley posterior que trataba de la misma cues-
tión se omitió hacer referencia a dicho derecho, por consi-
guiente, ¿podemos deducir de esto que fué la intención de
la legislatura suprimir el derecho existente, teniendo en
cuenta, además, el hecho de que dicha omisión ha sido rati-
ficada en las sucesivas enmiendas que dicha ley ha sufrido
en nuestra legislatura?

El reconocimiento del menor se hizo el día 29 de octubre
de 1906, o sea, cuando regía ya y estaba en vigor el Código
Civil Revisado; y nosotros no estamos tratando de ningún
derecho que existía con arreglo al antiguo Código Español;
si había tal derecho es claro entonces, que habiendo sido reco-
nocido el demandante durante la vigencia del Código de 1902,

su acción debe regirse por las prescripciones de dicho código o alegar sus derechos en el sentido de que existen independientemente del estatuto.

El argumento del juez sentenciador parece ser razonable por lo que merece la mayor consideración antes de que pueda adoptarse una opinión contraria acerca del caso. Pero no creemos que la corte inferior ha interpretado debidamente la ley aplicable a este caso. El derecho del demandante a establecer esta acción no dependía de los estatutos que han sido citados, sino que existía independientemente de los mismos. Resulta claro en vista de las alegaciones del demandante, que se ha cometido una injusticia con el menor, y siempre que ocurre un perjuicio debe haber un remedio, habiendo dicho menor solicitado el remedio en la corte correspondiente y a su debido tiempo, por la persona o defensor judicial. (38 Cyc., 423, nota 21 y casos allí citados.)

El estatuto que ha sido citado por la corte de distrito y que expresa dicha corte que existía bajo el régimen español, concedía al menor en tales casos el término de cuatro años después de llegar a su mayor edad para establecer dicha acción. Cuando el Código Civil Español fué puesto en vigor por la Legislatura Insular, esta sección de dicho código quedó omitida, siendo posteriormente restablecida, pero no insertándose en la misma la última cláusula que fué interpretada por la corte de distrito en el sentido de significar que en ella se trataba de despojar a los menores en tales casos del derecho a rectificar errores o para que los errores fueran corregidos como el que aparece haberse cometido en el presente caso. Nosotros no consideramos así el efecto de la legislación que tuvo lugar con relación a esta cuestión. El único efecto que tuvo el restablecimiento de la ley sin la última cláusula fué el de no poner al ejercicio de la acción otro límite que el correspondiente según los estatutos de prescripción. Esta es una razonable y debida interpretación de los estatutos según se encuentran en los libros.

Siendo esta nuestra interpretación de la ley, debemos

revocar la sentencia dictada por la corte inferior el día 6 de febrero último, y devolver el caso para la celebración de un nuevo juicio, debiendo dicha corte proceder de conformidad con esta opinión.

*Revocada, con instrucciones de*
*que se celebre un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.