SUPERIOR FINANCE CORPORATION, A CORPORATION, PLAINTIFF-APPELLEE, v. JOSEPH M. McCRANE, DE-FENDANT-APPELLANT.

Submitted May 25, 1934—Decided September 27, 1934.

For the defendant-appellant, *Cohn & Kohlreiter*.

For the plaintiff-appellee, *Feder & Rinzler*.

The opinion of the court was delivered by

BODINE, J. The defendant appeals from a verdict directed in favor of the plaintiff. The action was upon a guarantee to secure performance of the provisions of a conditional sales agreement. The guarantee (the italics ours) provides: "The undersigned jointly and severally hereby guarantees full performance of the said agreement in all its terms and the prompt payment of any and all sums provided therein, together with collection expenses, costs, and attorneys' fees, and agrees to pay the attorneys' fees and costs of enforcing

this agreement. The undersigned jointly and severally hereby agrees that in the event of the non-compliance with any of the conditions of this agreement, whether or not repossession has been made or undertaken, suit may be brought by the holder against any one or more or all of the parties hereto, whether or not suit has been commenced against the party or parties to the agreement and without waiving any rights to later repossess. The undersigned jointly and severally hereby *waives any and all notice of non-payment,* demand, presentment of protest, which may be required under said agreement or note mentioned in same or in connection therewith, *and agrees that any extensions which may be granted by the holder hereof to the parties to said agreement shall not in any way release the* undersigned."

It appears that on October 2d, 1926, defendant sold to the Mercer Beverage Dist., Incorporated, a Reo sedan and received in addition to a down payment the conditional sales agreement in suit, together with a note, both of which were assigned to plaintiff. The note, however, did not bear appellant's endorsement. The installment due November 2d, 1926, was not met until November 10th, 1926; while the December 2d, 1926, payment was not made until January 8th, 1927. By reason of the defaults in payment, the finance company repossessed and sold the truck. The present action, it is said, was not commenced until December 6, 1932, more than six years after the defaults occurred. Since the summons is not printed in the record we cannot be sure of this fact.

Appellant urges that the motion for a nonsuit should have been granted, because by reason of an acceleration clause the total amount became due more than six years before the present action commenced. Assuming that the present action was commenced more than six years after the first default, it is to be noted that the surety expressly agreed that no extension of time should in any way release the guarantor. Manifestly the acceleration clause before us inured only to the benefit of the obligee therein named.

The plaintiff's secretary was asked if he had made a new agreement subsequent to the execution of the contract in suit.

It would seem that the action of the trial court in sustaining an objection to this question was in all respects proper. What the secretary may have done, in the absence of a showing of his authority, was immaterial. *Casner, Inc.,* v. *Raleigh Fitkin-Paul Morgan Memorial Hospital,* 112 *N. J. L.* 252. No new contract in extinguishment of the original obligation was pleaded. A witness must be examined as to facts within his knowledge and not as to his conclusions. However, it is perfectly clear in this case that the parties did not enter into a new agreement subsequent to the contract in suit, since the witness called to prove it had no recollection whatever of any particular conversation subsequent to the assignment of the contract in suit. Obviously, conversations prior to the assignment were not admissible to vary the terms of the written agreement. *Naumberg* v. *Young,* 44 *Id.* 331.

The trial court was correct in its rulings upon the questions propounded although the basis for its rulings may have been improperly stated. Suffice it that the rulings were proper. *McCarty* v. *West Hoboken,* 93 *N. J. L.* 247; *Security Trust Co., &c.,* v. *Anderson,* 110 *Id.* 503. The court was concerned only with the proof of facts material to the issue.

An expert accountant had made an audit of plaintiff's books. The audits show that the account in question was carried among those marked "without recourse" against the dealer. The trial court rejected these audits when offered. That the ruling was proper cannot be doubted, since there was no proof whatever of a subsequent undertaking. Further, from all that appears the audits were made for corporate purposes only and in order that its officers might determine its net worth. Mere proof of the manner in which a corporation treats its assets for its own purposes would seem immaterial.

The plaintiff's book entries were made upon account cards. The court rejected from evidence secondary proof of statements appearing upon the card containing defendant's account. What we have heretofore said would seem to be equally applicable to this ruling of the trial court.

The judgment is, therefore, affirmed.

504

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.