212 N.J. Super. 335 (1986)
514 A.2d 1365
FEDERAL DEPOSIT INSURANCE CORP., PLAINTIFF,
v.
VALENCIA PORK STORE INC., A BODY CORPORATE OF NEW JERSEY; JAMES MUSILLO; AND ANGELO GRECO, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided July 2, 1986.
*336 Kenneth G. Robbett for plaintiff (Cassidy, Despo, Foss and San Filippo, attorneys).
Robert E. McLeod for defendant (R. Gasiorowski, attorney).
SELIKOFF, J.S.C.
This a motion for summary judgment arising out of three equipment lease agreements between U.S. Funding Corporation, as lessor, and Valencia Pork Store Inc., defendant.
The first lease agreement dated November 18, 1974 for a term of 36 months matured on November 18, 1977. The second lease agreement dated December 2, 1974 for a term of 60 months matured on November 20, 1979. The third lease agreement dated January 29, 1975 for a term of 60 months matured on January 28, 1980. All obligations of defendant-lessee were personally guaranteed by co-defendants, James Musillo and Angelo Greco.
*337 The three lease agreements were subsequently assigned by U.S. Funding Corporation to Bank of Bloomfield. Thereafter, on January 10, 1976, the Commissioner of Banking of the State of New Jersey took possession of the business and assets of said bank, and the lease agreements were then assigned to the Federal Deposit Insurance Corp. (hereafter referred to as "FDIC"), an agency of the United States Government.
The last payment by the lessee on any of the subject agreements allegedly was made on August 30, 1977. Plaintiff FDIC filed suit on November 18, 1985 to recover monies owing pursuant to said agreements. An answer was filed on December 26, 1985 in which defendants raised the expiration of the applicable statute of limitations as a defense.
Defendants now move for summary judgment claiming that the six-year statute of limitations bars plaintiff's claim, N.J.S.A. 2A:14-1. Specifically, it is argued that since the last payment by defendant-lessees was submitted on August 30, 1977, the default by defendants occurred with the failure to pay the next monthly payment. Thus, the cause of action allegedly accrued at that time rather than the time the lease agreements matured, and the limitations period consequently expired in 1983.
Plaintiff FDIC opposes this motion contending that the applicable statute of limitations does not begin to run until the date of maturity of each lease agreement. Plaintiff also asserts that 28 U.S.C.A. § 2415(a) is the applicable statute of limitations. This statute also provides a six-year period within which a contract action may be commenced. It is therefore submitted that with regard to the lease agreements maturing on November 20, 1979 and January 28, 1980, plaintiff instituted suit in time pursuant to 28 U.S.C.A. § 2415(a).
FDIC is indeed an agency of the United States, and therefore 28 U.S.C.A. § 2415(a) would be the applicable statute of limitations herein. 12 U.S.C.A. § 1811 et seq.; see Federal Deposit Ins. Corp. v. Petersen, 770 F.2d 141, 143 (10 Cir.1985). Section 2415(a) provides for a six-year period for the commencement of *338 an action in contract, as does N.J.S.A. 2A:14-1. The pivotal issue thus relates to the accrual date of plaintiff FDIC's cause of action regarding each lease agreement.
Generally, a cause of action accrues when the party asserting it first has an enforceable right. Andreaggi v. Relis, 171 N.J. Super. 203, 235-236 (Ch.Div. 1979). In the case of an obligation payable by installments, the statute of limitations may begin to run against each installment as it falls due. Masonic Temple Assn. v. Kistner, 11 N.J. Misc. 761 (D.Ct. 1933).
Contractual agreements, however, may provide that on failure to pay one of several installments at its maturity the entire obligation is due. Additionally, there is authority that such default does not automatically accelerate the maturity of the debt or authorize the debtor to take advantage of his default in computing the period of limitation. 51 Am.Jur.2d Limitations of Actions, § 133. Instead, principles of fairness encourage the view that acceleration of maturity will not occur unless the creditor employs the use of the provision even if acceleration appears absolute. 18 Williston, Contracts (1978), § 2077. This line of reasoning is founded on the principle that such a provision is solely for the benefit and security of the creditor. 54 C.J.S., Limitations of Actions, § 150. Accordingly, the maturity date of the obligation would not accelerate until the creditor treats the entire debt as due. See Moline Plow v. Webb, 141 U.S. 616, 12 S.Ct. 100, 35 L.Ed. 879 (1891).
The question of when a cause of action accrues on a default in lease payments where an acceleration provision is present is somewhat novel in New Jersey. There is authority that an acceleration clause inures "only to the benefit of the obligee therein named." Superior Finance Corp. v. McCrane, 113 N.J.L. 501, 502 (E. & A. 1934).
Conversely, it would be inappropriate to permit a defaulting lessee to benefit from the specious acceleration of the maturity *339 of lease payments when that very provision was intended as a safeguard for the lessor.
Under paragraph 14 of the subject lease agreement, the acceleration of all rents and additional sums owing is provided as an option of the lessor if default of any installment of rent shall continue for more than five days after written notice to the lessee. Paragraph 18 further provides that "[n]otices pursuant to paragraph 14 herein shall be sent by certified or registered mail, return receipt requested." Moreover, paragraph 18 states:
[f]orebearance or indulgence by Lessor in any regard whatsoever shall not constitute a waiver of the covenant or condition to be performed by Lessee to which the same may apply, and until complete performance by Lessee of said covenant or condition, Lessor shall be entitled to invoke any remedy available to Lessor under this lease or by law or in equity despite said forebearance or indulgence.
Clearly, the lessor has the option to invoke the acceleration of all outstanding lease payments upon default. There has been no evidence submitted which would indicate that the lessor, FDIC, exercised its option pursuant to the acceleration provision. In the absence of persuasive authority to the contrary, I am satisfied that the statute of limitations should not run from each default on an installment without manifestation of intent by the lessor that maturity of later installments shall be accelerated. See United States v. Cardinal, 452 F. Supp. 542 (D.Vt. 1978).
Accordingly, partial summary judgment is granted on behalf of defendants Valencia Pork Store Inc., James Musillo and Angelo Greco only with regard to the first lease agreement dated November 18, 1974 and maturing November 18, 1977. Summary judgment is denied with respect to the remaining dates of November 20, 1979 and January 28, 1980 insofar as suit has been timely filed by plaintiff FDIC on these agreements.
Plaintiff shall submit the appropriate order.