CLINTON *v.* MISSOURI PACIFIC RAILWAY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

Submitted May 11, 1887. — Decided May 27, 1887.

The assignment of error in this case is precise and specific, and complies with the requirements of the rule in that respect.

No exceptions were necessary to bring before this court the judgment of the Circuit Court below dismissing the appeal from the Cass County Court to the District Court of that county.

When a cause is removed from a state court to a Circuit Court of the United States, the transcript from the state court forms part of the record in the Circuit Court, and in any writ of error from this court necessarily becomes a part of the record here.

The sixty days during which a right of appeal is given by the statutes of Nebraska from the assessment of damages by commissioners appointed

under proceedings for the condemnation of land for the use of a railroad, begin to run when the commissioners' report is filed.

When the transcript from a court below, filed in an appellate court in due time, is imperfect, and the imperfection can be cured by a writ of *certiorari*, the appeal is valid.

THE following is the statement of the case as made by the court.

This case is in many respects anomalous and bristles with points, but it is otherwise not very important. It commenced in a proceeding instituted by the Missouri Pacific Railway Company of Nebraska, under a statute of that state providing for the condemnation of land for the use of railroads. It was begun in the county court of Cass County, Nebraska, by which a commission was appointed to make the assessment of damages. From this assessment, after it was returned to the county court, Samuel Clinton, some of whose land was taken, appealed to the District Court of said county. In that court he made a motion, which was successful, to remove the case into the Circuit Court of the United States for the District of Nebraska. In this latter court a motion was made to remand the case to the District Court of Cass County, which seems never to have been acted upon, but on a motion made by the railway company to dismiss the appeal — meaning thereby the appeal from the county court to the District Court of Cass County — the Circuit Court granted the motion and dismissed the appeal. The matter, therefore, not being remanded to the state court, the Circuit Court of the United States deciding that no valid appeal had been taken from the county to the District Court of Cass County, the dismissal of the appeal was of course an end of the case.

To this judgment of dismissal the present writ of error is prosecuted.

The only error assigned by the plaintiff here is in the following language:

"The court below sustained the motion to dismiss solely upon the ground that the appeal had not been taken within the statutory time of sixty days after the assessment, deciding that the time commenced to run from the day when the com-

missioners met and viewed the land, and not from the date of the return of their assessment. This is the only error relied upon by plaintiff in error."

*Mr. J. M. Thurston* for plaintiff in error.

*Mr. John F. Dillon* for defendant in error.

I. There is no adequate assignment of errors, such as is required by § 997 of the Revised Statutes, and clause 4 of Rule 21 of this court. This is apparent by an examination of the record.

II. The record contains no bill of exceptions, and no exception to the ruling of the court which is complained of. Without a bill of exceptions, making the motion to dismiss the appeal part of the record, the same cannot be considered, and that there is nothing in the transcript or printed record which will authorize this court to hold against the express finding of the court below that the "appeal was not taken within sixty days from the assessment of damages," that such appeal was so taken. In short, there must be a bill of exceptions making the motion part of the record, and in addition to this an exception to the ruling of the court complained of. Neither of which appears.

III. The order dismissing the appeal is not a final judgment to which a writ of error lies to this court.

IV. No record was filed in court below giving it jurisdiction of appeal from assessment. Since the decision of the court below, now under review, the Supreme Court of Nebraska, in a case not referred to by the plaintiff in error, namely, the case of *Gifford* v. *Republican Valley and Kansas Railroad,* 20 Neb. 538, holds that an appeal may be taken in such cases within sixty days from the time when the commissioners' report was filed. If this court shall rule Points I., II. and III. against the defendant in error, and shall hold that it appears from the record here so that it can be noticed by this court that the report or award of the commissioners was not filed until December 1, 1881, even then we insist that the order

dismissing the appeal was correct and ought not to be reversed. The case of *Gifford* v. *Republican, &c., Railroad* is not referred to by the plaintiff in error, but it seems to be the part of frankness on our part to call it to the attention of this court.

But upon the authority of that case, however, as well as upon principle, we further submit that the order of the court below must be affirmed for other jurisdictional defects specified in the defendant's motion. The statute referred to does not prescribe the method of perfecting an appeal from the award of commissioners. The method of perfecting such an appeal so as to invest the appellate court with jurisdiction of the proceedings must, therefore, be determined by settled and sanctioned practice, and by the legal necessities of such a proceeding. It is obvious that the appellate court must have before it a record, complete for all jurisdictional purposes, of the matters which it is called upon to review. In the present case such a record could not consist of anything less than a transcript from the county judge of the entire condemnation proceedings, beginning with the petition of the defendant company for the appointment of commissioners (the jurisdictional basis of the entire proceeding) and concluding with the award of the commissioners. It would be obvious that the jurisdiction to review could not rest on anything short of this, even had such requirements never been judicially expressed. But the record transmitted to the District Court of Cass County, and thence to the Circuit Court below, was thus fatally defective because (and for other reasons) it did not contain a copy of any petition of the railway company for the appointment of commissioners. The jurisdiction of the appellate court was derivative and could not exist upon a record which failed to disclose the original jurisdiction.

The plaintiff in error filed a motion for a rehearing of the motion to dismiss his appeal, and in support of his application he filed what he denominated "a full and complete transcript of the proceedings had in condemnation herein." This "transcript" was certified to be such by the county judge of Cass County on the 29th of September, 1883 — nearly two years

after the assessment and appeal. This last "transcript" cannot be here considered, because, (1) the motion for a rehearing and all proceedings connected with it are proceedings not properly part of the record in this court. (2) This "transcript" was never filed in the District Court of Cass County, and could in no event be considered unless there filed within sixty days after the assessment. *Gifford* v. *Republican Valley Railroad, supra.*

The unauthorized certificate of the county judge to a summary of the proceedings cannot be substituted for the actual record of the proceedings, and such certificate cannot be here considered as part of this record. *Fisher* v. *Cockerell*, 5 Pet. 248.

MR. JUSTICE MILLER, after stating the case as reported above, delivered the opinion of the court.

The defendant in error insists that the case should be dismissed here for want of an assignment of errors. In regard to this it is sufficient to say that it would be difficult to formulate a more precise and specific assignment of error than that contained in the foregoing extract from the brief of the plaintiff.

The next point presented is, that the ruling of the court in this case, upon the question of the dismissal of the appeal, is not presented by any bill of exceptions, and that there is nothing in the record on which this court can review that decision. But the determination of this subject is the final judgment of the court. This is so in any sense in which it can be looked at. The order to dismiss is in the following terms:

"This cause coming on to be heard this 20th day of December, 1883, on the motion filed by the defendant to dismiss the appeal herein from the assessment of damages made by the commissioners appointed by the county court of Cass County, Nebraska, on the ground that said appeal was not taken within sixty days after the assessment of damages to said real estate by said commissioners, and for other reasons

contained in said motion on file, and on argument of counsel and on consideration thereof by the court, the court doth here find that said appeal was not taken within sixty days from the date of the assessment of damage made by such commissioners of the land in controversy, and the court doth sustain said motion to dismiss such appeal. It is ordered by the court here that said appeal be, and the same is hereby, dismissed, each party to pay its own costs."

If it be true that the appeal from the Cass County court to the District Court of that county was not taken in time, that is, within the sixty days referred to in this judgment, there is an end of the plaintiff's case in any court whatever. The Circuit Court for the District of Nebraska, assuming to come into the place of the District Court of Cass County, and exercising the powers which that court would have exercised if the case had not been removed, holds that no valid appeal was taken, and for that reason dismissed the case. If such finding be correct and it remains as a valid judgment it puts an end to the plaintiff's claim; it can nowhere be considered any further, and it is final upon the questions involved in the case.

As to the proposition that it cannot be reviewed here for want of a bill of exceptions, that is equally untenable. A judgment of a court appealed from is never incorporated into a bill of exceptions. It is always a part of the record of the case, and, like the plea and the verdict, it needs no bill of exceptions, but is simply to be transcribed as a part of the record. In this case it presents for itself the point or matter on which the court acted. It is there distinctly stated that the case was dismissed because the appeal was not taken within sixty days from the date of the assessment of damages made by the commissioners. Now, if the facts on which this decision was made are to be found in what may be properly called the record of the case before the judge when he decided it, as it is here presented to us, then there was no need of any bill of exceptions in the matter.

Whatever there was on that subject to guide the action of the court on the motion to dismiss the appeal was found in

the transcript as it came from the state court and was filed in the Circuit Court of the United States. If there was enough in that transcript to present the question in this case, then we must review it; for we take it to be a necessary rule in such cases that the transcript from the state court becomes a part of the record of the case in the Federal court. There is no mode by which that transcript, or any of its contents, can be abstracted and made a part of a bill of exceptions to be signed by the Federal judge. He can know nothing about what takes place in the state court, personally, and cannot therefore certify to it. It comes to him as certified by the court in which the proceedings were had. It is itself the foundation on which he is to act in the future proceedings in the case. It is already a record of another court transcribed and certified to his court, and in any writ of error from the Supreme Court of the United States that transcript from the state court necessarily becomes a part of the record.

As regards the main point, that the appeal was not taken within sixty days, this transcript, which is said to be imperfect, sufficiently shows that the commissioners were appointed; that they returned the award and assessment of damages into the county court on the first day of December, 1881, allowing to Clinton for damages to his property, known as as the "Mill Reserve," the sum of $850, and that on January 28, 1882, Clinton filed a notice of appeal from this award. Although the time is pretty close, it is very obvious — these things being matters of record — that Clinton intended to appeal within the sixty days allowed by the statute, and that he did appeal within sixty days after the commissioners filed the award, and thereby made it public.

We think the circuit judge, in dismissing this appeal because it was not taken in time, erred in holding that the assessment of damages must be considered as having been made on the 23d of November, at which time they went upon the ground to view it. There is no reason to believe that on that day they made their assessment. There was no assessment of damages, however much it may have been talked about, until they concluded upon and signed a final report upon that sub-

ject, and it is not to be believed that the Nebraska statute, limiting the right of appeal from the award of such commissioners to sixty days, intended that period should commence to run at any time prior to the final action of the board in presenting their report to the county court. This point seems to have been so decided by the Supreme Court of Nebraska in the case of *Gifford* v. *The Republican Valley and Kansas Railroad,* 20 Neb. 538. On this point, therefore, the judgment of the Circuit Court, which is here for review, was evidently erroneous.

Another point taken by counsel for defendant in error is, that the requirements specified by the Supreme Court of Nebraska have not been complied with, that court having, in the case just referred to, decided that " the essentially requisite proceeding to perfect an appeal from the award of commissioners, in a case of this kind, and to give the District Court jurisdiction of the same, is to file in the said court, or in the office of the clerk thereof, a certified transcript from the county judge of the condemnation proceedings, from the original application to said county judge for the appointment of commissioners to the report of such commissioners in the respective case, both inclusive."

It is urged that the transcript filed in the District Court in this case was imperfect and defective, among other reasons, because it did not contain a copy of any petition of the railway company for the appointment of commissioners. We are of opinion, however, that what was filed in the District Court was sufficient to give that court jurisdiction to proceed further in the case. It contained the order appointing the commissioners, the swearing of them to perform their duties, the report which they made in the matter, the award of $850 damages upon Clinton's property and the taking of the appeal by him, and the service of notice of that appeal on the parties. This is sufficient, at least, to show to the District Court that a case had arisen which the statute intended might be brought before that court on appeal. If it had been suggested by either party that this transcript was imperfect or defective because it omitted some paper, or order, or matter in the county

court, which was necessary to the hearing in the District Court, the usual and proper way of correcting that evil, pursued in all courts of appeal, would be by *certiorari* directed to the court from which the appeal was taken, commanding it to send up the complete and perfect record.

The case of *Gifford* v. *Railroad Co.,* above referred to, gives support to this view of the subject. There, no transcript of the record in the county court, whether perfect or imperfect, was filed in the District Court, and it was on this ground, of the entire failure to have any transcript whatever of the proceedings in the county court filed within sixty days, as well as the absence of all sufficient effort to do so, that the dismissal in that case was sustained. In that opinion *The Republican Valley Railroad* v. *McPherson,* 12 Neb. 480, is cited with approval, in which case, although no transcript whatever was filed within the sixty days limited by the statute, yet the evidence given by the appellant, of diligent effort to obtain a transcript from the county judge and his refusal to make one in due time, was accepted as a sufficient reason why the appeal should not be dismissed.

We are of opinion that, where there is a transcript furnished by the county judge, even though it be imperfect, the same having been filed in due time, and which could be amended as to its imperfections by the writ of *certiorari,* it must be held sufficient to make the appeal valid.

For the error of the Circuit Court in dismissing the appeal the judgment is

*Reversed, and the case remanded for further proceedings according to law.*