RUSSELL A. SEARS *vs.* JOSEPHINE A. MOORE,
administratrix.

Suffolk.   March 15, 1898. — June 25, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Promissory Note — Genuineness of Signature — Burden of Proof — Credibility
of Evidence — Admissions by Payee.*

A promissory note was signed by M., and made payable after date to the order of E., by whom it was indorsed in blank. The defendant, who was the administrator of M., denied specially in the answer the genuineness of M.'s signature, and demanded that it should be proved, and also alleged that the note was indorsed to the plaintiff, after maturity, without consideration, and was given to E. as an accommodation note, without consideration, by M. The plaintiff testified that the note was delivered to him by E. nearly five years after it was made, and long after its maturity. *Held,* that the same defences were open to the defendant as if the action had been brought by E., that the burden was on the plaintiff to prove the genuineness of the signature, and that the defendant had a right to go to the jury upon the credibility of the evidence introduced by the plaintiff that the signature was genuine.

When a promissory note is indorsed by the payee after it is overdue, admissions by the payee while owner of the note are admissible in evidence against the indorsee in an action by him against the maker.

CONTRACT, on seven promissory notes. Trial in the Superior Court, before *Hardy*, J., who, at the close of the testimony, directed the jury to return a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. J. Feely*, for the defendant.

*G. W. Anderson*, for the plaintiff.

FIELD, C. J. This is an action of contract upon seven promissory notes, each purporting to have been signed by William Moore, and made payable at various times after date to the order of E. Wilson and Company, and indorsed in blank by E. Wilson and Company. The defendant, who is the administratrix of the estate of William Moore, denied specially in her answer the genuineness of the signatures of Moore, and demanded that they should be proved at the trial. Pub. Sts. c. 167, § 21. She alleged that the notes were indorsed to the plaintiff, Sears, after maturity, without consideration, and that the notes were given by Moore to E. Wilson as accommodation notes, without consideration. There was evidence that E. Wilson, or Epaminondas Wilson, did business under the name of E. Wilson and Company, and that the notes were given to him while doing business under that name. Sears, the plaintiff, testified that the notes were delivered to him by Wilson nearly five years after they were made, which was a long time after the maturity of the notes. It is plain that the same defences were open to the defendant as if the action had been brought by Wilson, and that, the genuineness of the signatures having been specially denied, the burden was on the plaintiff to prove the genuineness, and that the court could not properly order a verdict for the plaintiff. The defendant had a right to go to the jury upon the credibility of the evidence introduced by the plaintiff that the signatures were genuine. We deem it unnecessary to notice the other exceptions taken further than to say that, when promissory notes are indorsed by the payee after they are overdue, admissions by the payee while owner of the notes are admissible in evidence against the indorsee in an action by him against the maker. *Sylvester* v. *Crapo*, 15 Pick. 92. *Fisher* y. *Leland*, 4 Cush. 456.

*Exceptions sustained.*