# Roth *v.* Knights of Joseph Building & Loan Association, Appellant.

*Promissory notes — Note of corporation — Forged signature of treasurer.*

In an action brought by the endorsee of a promissory note of a corporation where it appears that the note was signed in the name of the corporation with the seal affixed, and also signed with the name of the secretary as such, and the name of the treasurer as such, and the note is made payable to the secretary, and there is also evidence that the corporation had passed a resolution to borrow the

amount of the note from the secretary, and that the officers should sign the note, and the defendant files an affidavit of defense to the effect that the signature of the treasurer was forged, the burden of proof is on the plaintiff to show that the signature of the treasurer was genuine, and if he fails to do so he cannot recover.

Argued Oct. 30, 1916. Appeal, No. 168, Oct. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1915, No. 1025, on verdict for plaintiff in case of Max Roth v. Knights of Joseph Building and Loan Association. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on a promissory note. Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,280.31. Defendant appealed.

*Error assigned* was in refusing motion for judgment for defendant n. o. v.

*William W. Porter,* with him *David Newman,* for appellant.—Binding instructions should have been given for the defendant. (Assignments of Error V and VI, page 15) : Worthington v. Schuylkill Electric Ry., 195 Pa. 211; Allegheny County Workhouse v. Moore, 95 Pa. 408; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157.

The forgery of the name of the treasurer to the note in suit precluded any recovery by the plaintiff.

*Bertram D. Rearick,* for appellee.—The presence of the corporate seal upon the contract, attested by the officer having custody of the same, is prima facie proof and carries with it a presumption of antecedent authority on the part of the officer to execute the contract : Dauphin Turnpike v. Myers, 6 S. & R. 12; Parkinson v. City of Parker, 85 Pa. 313; Little Saw Mill Val. Turnpike v.

Railway Co., 194 Pa. 144; Penn Nat. Gas. Co. v. Cook, 123 Pa. 170.

OPINION BY WILLIAMS, J., March 9, 1917:

The plaintiff declared on the following note: "Philadelphia, November 19, 1914. Three months after date we promise to pay to the order of Jacob Keisler Twelve Hundred Dollars at 412 S. 5th St. Without defalcation. Value received. Knights of Joseph Bldg. & Loan Assn. Wm. S. Ehinger, Treas. Jacob Keisler, Secy. (Seal). (Endorsed) Jacob Keisler."

The affidavit of defense averred, inter alia, that the signature of "Wm. S. Ehinger, Treas.," was a forgery.

The plaintiff proved the signature of Jacob Keisler, and that the seal was affixed by him as secretary, but did not prove the signature of William Ehinger, treasurer of defendant association. Plaintiff also offered in evidence a copy of a resolution (certified by Keisler) of the association as follows: "Resolved, That this association shall borrow from Jacob Keisler the sum of twelve hundred dollars, and that the officers be and are hereby authorized and empowered to sign the necessary note or notes to secure the repayment of the same."

The defendant's testimony was that no such resolution had been passed; that Keisler had misused the seal, and improperly signed the note; that the signature "Wm. S. Ehinger, Treas.," was not the signature of William Ehinger, the treasurer of the association; and that the association had not received any part of the money paid to Keisler by the plaintiff.

Defendant asked for binding instructions which point was refused, and a verdict rendered for the plaintiff. A motion for judgment n. o. v. was refused and from the judgment entered on the verdict the present appeal is taken.

But one question needs discussion. Did the plaintiff meet the burden of proof required to establish his case? He was bound to prove the execution of the note by the

defendant. He proved the affixing of the seal and the signature of the secretary. As the affidavit of defense averred that the signature of the treasurer was a forgery, it was also incumbent upon him to show that it was genuine.

The case was tried upon the theory that the defendant was estopped because it had entrusted the secretary with apparent authority to do the acts which created the alleged liability, and, as both parties were innocent of wrongdoing, the one making it possible must bear the loss. This might be so if the signature of the treasurer had not been a forgery. The 23d section of the Act of May 16, 1901, P. L. 194, provides: "When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right......can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

The resolution upon which the plaintiff relied does not authorize the borrowing from plaintiff, but from Keisler, and provides that the "officers" should sign the obligation. The defendant might be estopped from setting up want of authority in the secretary to sign and seal the note, as he was the agent of the association entrusted with part of its machinery to execute notes, and thus clothed with the apparent authority to do so: see Powell v. Old Hickory Building & Loan Association, 252 Pa. 587. He was not, however, clothed with apparent authority to sign the note for the treasurer of the association, and nothing else appears in the case which would estop the defendant from setting up the forgery or relying upon it as a defense. Plaintiff, having failed to establish a prima facie case, the defendant was entitled to binding instructions.

The judgment is reversed, the record remitted, and the court below directed to enter judgment for the defendant in accordance with its motion for judgment n. o. v.