### CIVIC AGENCY v. KUHN et al.*
### No. 14394.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

Jos. A. Casey, of New Orleans, for appellant.

Montgomery, Jones & Kehl and James J. Landry, all of New Orleans, for appellee M. W. Casey.

JANVIER, J.

Plaintiff, as holder of a certain promissory note, seeks judgment against the two alleged makers thereof, one of whom, M. W. Casey, resists payment, contending that his alleged signature on the said instrument is not genuine; in other words, is a forgery.

In the court below 'this contention was sustained, and judgment was rendered in favor of Casey, and plaintiff's suit dismissed as to him.

In a suit on a promissory note where the defense is forgery, the burden of proof rests on the holder of the note to prove that the signature is genuine, and defendant's counsel argues that plaintiff has not sustained this burden.

There are in the record, in addition to the alleged signature which is questioned, several which are admittedly genuine, and we have examined these and compared them with one another. Conceding that we have had little experience in passing upon the genuineness of signatures, nevertheless we cannot escape the impression that the disputed signature is remarkably similar to those which are admitted to be genuine, and, though we feel that we would not be justified in deciding the matter on our own inexpert examination, we enter upon a study of the testimony to some extent, at least, impressed by this remarkable similarity.

We note that when, on the trial below, the signature in question was first exhibited to defendant Casey, he did not at once denounce it as a forgery, but stated that he must see the date on the note before being able to make up his mind on that point. Later, although he did declare this signature a forgery, we find his testimony very hesitating and unconvincing. He is contradicted on several collateral issues and gives no satisfactory statement as to how he first discovered that his name appeared on the note. At one part of his testimony he makes the rather surprising statement that when the comaker, Kuhn, got into difficulties with his employer, he (Casey) went to him and said that he had heard that his name was on Kuhn's note. We say this is surprising because he later contends that he did not receive any communication from the holder of the note and also that he did not, at any time, know that his name appeared thereon, and he gives no satisfactory explanation of how he first heard the distressing news.

Kuhn, the other maker of the note, states

---

*Rehearing granted February 27, 1933.

**565**

positively that the signature is genuine and was written in his presence, and, though we are urged to disbelieve Kuhn because of the fact that he has been dismissed from the United States Postal Service under a cloud, and though we would not, if we had before us only the testimony of Kuhn, be willing to hold it as sufficient, still it corroborates the view which we have formed of Casey's testimony.

At one point in his testimony Casey denies that, at any time after the date of the disputed note, he received any money from Kuhn, but when a receipt was exhibited to him showing that some time thereafter Kuhn had paid him $50, he admitted the genuineness of the receipt and that he had received that sum.

For these and other reasons we believe that the evidence sufficiently preponderates in favor of plaintiff to enable us to say that the judgment rendered below was manifestly erroneous.

In the court below judgment was rendered in favor of defendant M. W. Casey and against plaintiff, dismissing plaintiff's suit. Apparently no effort was made to obtain a judgment against the comaker, Kuhn, and, from the evidence, it is plain that that judgment would have been worthless.

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, the Civic Agency, Earl L. Barthelmy, proprietor, and against M. W. Casey, for $285.50 with 3½ per cent. per month interest thereon from June 1, 1929, until paid, together with 20 per cent. attorneys' fees on both principal and interest, and for all costs.

Reversed.

WESTERFIELD, J., being absent, takes no part.