## UNION CO-OPERATIVE INS. ASS'N v. BANNERMAN.

### No. 6397.

United States Court of Appeals for the District of Columbia.

Argued May 8, 1935.

Decided June 17, 1935.

Rehearing Denied July 29, 1935.

HITZ and VAN ORSDEL, Associate Justices, dissenting.

James S. Easby-Smith and Frank S. Easby-Smith, both of Washington, D. C., for appellant.

Joseph C. McGarraghy, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a judgment recovered by the appellee against appellant for payment of an amount alleged to be due upon an insurance policy issued by the appellant. In this opinion the appellee will be named as plaintiff and the appellant as defendant.

The case was begun in the lower court on September 18, 1933, with the filing of a declaration by the plaintiff, claiming judgment against defendant in the sum of $3,000 upon a certain policy of life insurance theretofore issued by defendant as an insurance company upon the life of plaintiff's husband, wherein the plaintiff was the beneficiary. Plaintiff alleged that her husband had departed this life; that thereupon the policy had become due and payable to her; that demand was made upon the company for the payment of the insurance, but defendant refused and still refuses to pay the same or any part thereof.

The defendant filed a plea to the declaration in which it denied liability upon the policy, claiming that it had expired prior to the decease of the insured and was not in force or effect at that time.

On October 22, 1934, a written instrument entitled "A Stipulation of Facts to be Supplemented by Evidence at the Trial" was filed in the case whereby it was stipulated and agreed by the respective parties that the facts therein recited should be "accepted as proved, without the offering of testimony in support thereof, in connection with the trial."

Afterwards, to wit, on October 22, 1934, the parties waived a jury trial of the issues in the case and agreed that it might be tried by the court without a jury. Whereupon, on October 23, 1934, the court proceeded with the trial of the case, and found and entered the following judgment at the conclusion thereof:

"And thereupon, after this cause is fully heard the court finds for the plaintiff in the sum of three thousand dollars ($3,000) with interest thereon from September 19, 1932.

"Whereupon, the right to file a motion for a new trial is expressly waived in open court, and it is agreed that judgment may now be entered on the court's finding.

"Wherefore, it is considered that plaintiff recover of the defendant herein the sum of three thousand dollars ($3,000) with interest thereon from September 19, 1932, together with costs of suit to be taxed by the clerk and have execution thereof.

"From the foregoing judgment the defendant by its attorney of record, in open court, notes an appeal to the Court of Appeals of the District; whereupon, an undertaking to act as a supersedeas bond is hereby fixed in the sum of thirty-five hundred dollars ($3,500), and a further undertaking to act as a cost bond is hereby fixed in the sum of one hundred dollars ($100) with leave to deposit fifty dollars ($50) cash with the clerk in lieu thereof."

On November 5, 1934, an undertaking for appeal was filed and approved.

The record does not disclose that any exception was taken by the defendant to any ruling of the court made at the trial, nor to the finding of the court at the conclusion thereof, nor was any bill of exceptions filed in the case. It appears that on December 5, 1934, after the time had expired for the filing of a bill of exceptions, a motion was filed by the defendant for permission to file such a bill nunc pro tunc. This motion was denied by the court. On December 11, 1934, the defendant filed a petition in "original action" No. 2387, in this court, praying for an order requiring the trial court to permit defendant to file such a bill in that court nunc pro tunc, upon grounds set out in the petition. This petition upon consideration was denied by the court. On December 17, 1934, the defendant filed a motion in the lower court praying that the minute entry of the decree above copied be amended and amplified so as to include the following paragraph immediately succeeding the first paragraph of the minute entry, to wit: "No evidence was offered or introduced at. the trial except the documentary evidence described in said stipulation." · This motion, however, was denied by the court by order of January 3, 1935. At the same time the court granted the motion of the plaintiff to strike defendant's order for a transcript of record on appeal, and to strike the assignment of errors filed by defendant, upon the ground that they were not filed within the time required by the rules of the court.

The stipulation of facts filed by the parties in the case expressly recites that it is to be supplemented by evidence at the trial. In the absence of a bill of exceptions it does not appear what, if any, such supplemental evidence was offered or received at the trial. We think therefore that the present case cannot be distinguished from Darby v. Montgomery County Nat. Bank, 63 App. D. C. 313, 72 F.(2d) 181, 184, certiorari denied, 293 U. S. 579, 55 S. Ct. 92, 79 L. Ed. ——, where we held: "That where there is in the record no special finding, no motion for judgment, and no exceptions, there is nothing an appellate court can review. * * *"

Consistently, therefore, with our decision in the Darby Case, we find ourselves constrained to hold that the judgment of the lower court in the present case must be and it hereby is affirmed.

HITZ, Associate Justice (dissenting).

I am unable to agree with the judgment and opinion in this case, because the court, as the opinion states, feels itself constrained to remain consistent with its decision in Darby v. Montgomery County Nat. Bank, 63 App. D. C. 313, 72 F.(2d) 181; and there are other compelling reasons for dissent.

Although the case presents a new and important question respecting group insurance, and thereby touching the interest of many persons, the court declines to consider the merits of the cause, but disposes of it on a detail of procedure based on the omission of counsel to recite all of a rhetorical ritual when taking his appeal.

The important question on the merits is whether a period of grace admitted to exist under a policy of insurance issued to a group, and admitted to apply to the group policy on the day in question, also applied to a personal policy of an individual member of the group who had obtained it under an option opened to him by the group policy, and who had died during the period of grace.

The issuance of the individual policy; the amount thereof; the beneficiary thereunder; the death of the person assured; and the date of death within the period of grace; were all stipulated by the parties; the only issue between them being the legal question whether the grace extended to the separate policy so issued to the individual member of the group. The parties having further agreed to waive trial by jury, the matter was submitted to the judge alone upon the pleadings, the stipulation of facts, and certain documentary exhibits, all of which are here in the record. The judge thereupon decided the question in favor of the beneficiary under the individual policy for the full amount thereof; whereupon counsel for defendant in open court waived the right of moving for a new trial; consented that judgment might be entered immediately; noted an appeal from that judgment to this court; asked to have a supersedeas bond fixed; which was done, and given.

But when the counsel took his appeal from the judgment against him, he did not say that he excepted to the ruling contained in the judgment, and the decision of this court is now based on that omission. Yet all the rights of all the parties at the trial were protected, and all questions presented

there are presented here, for we have the entire judgment roll, with all pleadings, exhibits, stipulations, and minute entries.

The question of law presented by the parties and decided by the judge might as well have been presented and decided on demurrer, when the record would have been obviously sufficient for review here. Or if the losing counsel, when he said that he took his appeal from the judgment, had also said that he took an exception to the ruling contained in the judgment, and had brought both those phrases here, we would listen to no such objections of procedure as now control our judgment.

But because he did not make two bites of the cherry there, his case may not be considered here.

I cannot think that such a practice, or that our judgment in this case, is within the spirit of the act of Congress which requires that: "On the hearing of any appeal * * * in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." Act Feb. 26, 1919 (28 USCA § 391). But, in my opinion, when the losing counsel in the trial court eo instante upon the pronouncement of judgment, waived all rights to further proceedings there, appealed to this court, and gave a supersedeas bond greater than the amount of the judgment, he necessarily and inevitably excepted to the only ruling made in the cause, which is here presented for our review.

A man may be properly convicted of murder, and properly hanged for it, even though he omits to say to his victim while cutting his throat, "I hereby kill you." And so, as I think, an appeal may be sufficiently taken, by certain procedures in certain cases, which preserve all the rights litigated in the trial court, and present all the questions involved to the appellate court, even though the word exception is never mentioned in either tribunal.

To hold otherwise seems to me an unnecessary descent into an unreasonable formalism.

As we said in Evans v. Humphreys, 9 App. D. C. 392, and again in Saks v. B. H. Stinemetz & Son Co., 54 App. D. C. 38, 40, "since the questions involved sufficiently appear from the pleadings and proceedings of record, a bill of exceptions was unnecessary."

In this case the real question at issue appears clearly enough in the record and it has been presented by oral argument and printed brief; and I think it should be considered and decided by the court.

The views here expressed are thought to be supported by the following cases: Wilkins & Co. v. Hillman, 8 App. D. C. 469; U. S. v. Cleage (C. C. A.) 161 F. 85; Blair v. U. S. (C. C. A.) 241 F. 217; Baltimore & Potomac Railroad v. Trustees Sixth Presby. Church, 91 U. S. 127, 23 L. Ed. 260; Bennett v. Butterworth, 11 How. 669, 13 L. Ed. 859; Young v. Martin, 8 Wall. 354, 357, 19 L. Ed. 418; Clinton v. Missouri Pacific Railway, 122 U. S. 469, 474, 7 S. Ct. 1268, 30 L. Ed. 1214; Moline Plow Co. v. Webb, 141 U. S. 616, 623, 12 S. Ct. 100, 35 L. Ed. 879.

VAN ORSDEL, Associate Justice, concurs in this dissent.